United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOSNO, | No. C 09-5475 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| ROBERT K. WONG, Warden, | **(Docket No. 5)** |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He challenges a decision by the Governor of California in 2009 to deny him parole. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition as moot because petitioner has since been granted parole and released from prison.

## STATEMENT

In 1983, a jury in San Mateo County Superior Court convicted petitioner of second degree murder. The trial court sentenced him to a term of 15 years to life in state prison. On January 7, 2009, the California Board of Parole Hearings ("Board") found petitioner suitable for parole. On June 6, 2009, the Governor of California reversed the Board's decision and denied parole. In early 2010, the Board found petitioner suitable for parole again, and on June 4, 2010, the Governor declined to review that decision. Petitioner was released from prison on a five-

year parole term on June 15, 2010.

**DISCUSSION**

Respondent argues that the petition is moot because petitioner has already received more than what he would be entitled to if the petition were granted. A case becomes moot unless, throughout the litigation, the plaintiff has an injury "likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Ninth Circuit has recently determined that the relief available to a petitioner who demonstrates that the denial of parole violated his constitutional rights is a new hearing before the Board to determine his suitability for parole. *Haggard v. Curry*, No. 10-16819, slip op. 1, 10 (9th Cir. Oct. 12, 2010) (citing *In re Prather*, 234 P.3d 541 (Cal. 2010)). As petitioner has been released on parole, he has no need for a new hearing before the Board to determine his suitability for parole. Petitioner does not have an injury that would be redressed by a favorable outcome of his petition. *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, No. 08-56963, slip op. 16967, 16981 (9th Cir. Oct. 8, 2010) (case becomes moot when parties lack "a legally cognizable interest in the outcome"); *see also Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (habeas challenge to denial of parole moot if petitioner released on parole before court considers petition). Consequently, the petition is moot.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (docket number 5) is **GRANTED** and the petition is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   10  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\LOSNO5475.MTD.wpd

2